UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| In re:   Felicia A. Sanchez, | No. 10-10168 –s7 |
| | (Adv. No. 10-1059 J) |
| Debtor. | |
| | |
| In re:   Mary Pat Norfolk, | No. 09-14833-s7 |
| | (Adv. No. 10-1064 J) |
| Debtor. | |
| | |
| In re:   Hannelore Harlan, | No. 09-15785-j7 |
| | (Adv. No. 10-1063 J) |
| Debtor. | |
| | |
| In re:   Theodore Alex Chacon and | No. 10-10015-s7 |
| Lorene Marie Chacon, | (Adv. No. 10-1065J) |
| Debtors. | |
| | |
| In re:   Kathleen A. Booky, | No.  10-10173-j7 |
| | (Adv. No. 10-1060J) |
| Debtor. | |
| | |
| In re:   Jolene C. Dickey, | No. 10-12446-j7 |
| | (Adv. No. 10-1111J) |
| Debtor. | |
| | |
| In re:   Leon Mares, | No.  10-11100-j7 |
| | (Adv. No. 10-1112J) |
| Debtor. | |

UNITED STATES TRUSTEE,

    Plaintiff,

v.                                                                          Adversary No. 10-1059 J,
                                                                            consolidated with Adversary Nos.
                                                                            10-1060J, 10-1063J, 10-1064J, 10-
                                                                            1065J, 10-1111J, and 10-1112J

TIMOTHY McINTIRE d/b/a
The Bankruptcy Store, LLC,

    Defendant.

## MEMORANDUM OPINION

THIS MATTER is before the Court following a trial on the merits of these consolidated adversary proceedings. Plaintiff asserts that Defendant Timothy McIntire d/b/a The Bankruptcy Store, LLC ("Defendant" or Mr. McIntire)[1] is a bankruptcy petition preparer within the meaning of 11 U.S.C. §110(a)(1) and that Defendant violated the provisions of 11 U.S.C. § 110 by impermissibly giving legal advice to his clients in connection with preparing their bankruptcy petitions, statements and schedules in exchange for a fee of $395.00.[2] Plaintiff requests the Court to impose fines against Defendant for each violation, assess damages against Defendant for fraudulent, unfair, or deceptive practices, order Defendant to return to the debtors all fees paid in exchange for Defendant's services, and permanently enjoin Defendant, or any person or entity acting in concert with Defendant, from acting as a bankruptcy petition preparer in accordance with 11 U.S.C. § 110(j)(2)(B) and from soliciting, assisting, advising or providing legal guidance, advice, assistance or consultation of any kind to any person in connection with filing a bankruptcy case whether for a fee or without charge. Alternatively, Plaintiff requests that a preliminary and permanent injunction be issued against Defendant Timothy McIntire enjoining him or any person acting in concert with Defendant Timothy McIntire from engaging in any conduct that violates 11 U.S.C. § 110. At the trial held January 25, 2011, Plaintiff appeared through Leonard Martinez-Metzgar. Defendant failed to appear.

After careful consideration of the evidence presented at trial, and being otherwise sufficiently informed, the Court finds that Defendant is a bankruptcy petition preparer as defined

---

[1] No evidence was presented to the Court regarding whether The Bankruptcy Store, LLC is, in fact, a business entity such as a limited liability company, or whether Timothy McIntire operated The Bankruptcy Store, LLC as a sole proprietorship.
[2] The United States Trustee did not present evidence nor assert a claim that the $395.00 fee was excessive in light of the value of the services provided, and the Court makes no decision regarding the reasonableness of the fee charged. *See* 11 U.S.C. § 110(h)(3).

under the Bankruptcy Code and that he consistently and impermissibly engaged in the practice of law in preparing bankruptcy petitions, statements, and schedules for his clients in exchange for a fee. Consequently, the Court will impose fines and order the disgorgement of fees consistent with 11 U.S.C. § 110. The Court will also issue an injunction enjoining Timothy McIntire, or any person or entity acting in concert with him, from offering a potential bankruptcy debtor any legal advice in violation of 11 U.S.C. §110(e)(2). However, because there is insufficient evidence before the Court from which the Court can conclude at this stage in the proceedings that an injunction prohibiting further conduct will be insufficient to deter Defendant's continued violations of 11 U.S.C. § 110, the Court declines at this time to issue an injunction that prohibits Defendant from acting as a bankruptcy petition preparer.

## BACKGROUND AND FINDINGS OF FACT

Six former clients who obtained services from the Defendant testified at trial. Plaintiff offered affidavit testimony from a seventh client who was unavailable to testify in person. The testimony of all seven clients was generally the same. The clients got the name of The Bankruptcy Store from the phone book, from an advertisement in a newspaper, or from an advertisement on the internet, and made an appointment. Each client typically had three or four meetings at The Bankruptcy Store. At the first meeting, a cash payment for services was required, and the clients would obtain a questionnaire to take home and complete.[3] At the second meeting, the clients would return the completed questionnaire and bring with them documentation of other bills and income. At the third meeting, Defendant would provide the clients with the completed bankruptcy petition, statements and schedules, and tell the clients to file the paperwork with the Bankruptcy Court. A fourth meeting was sometimes required if corrections were needed based upon paperwork provided by the client at the third meeting.

---

[3] No copy of the questionnaire was offered or admitted into evidence at trial.

-3-

None of the clients who testified knew the meaning of state or federal exemptions, and none made a conscious decision to elect or claim exemptions under state law rather than under 11 U.S.C. § 522(d). Yet, each of the clients had a completed Schedule C filed in their bankruptcy case which elected and claimed state law exemptions. Further, none of the clients understood the meaning of the presumption of abuse under 11 U.S.C. § 707(b)(2), yet each Form B22A reflected a check in the box indicating that the presumption of abuse did not arise. The clients each paid $395.00 for the services they obtained. Each petition reflects that the name of the bankruptcy petition preparer is "The Bankruptcy Store LLC Tim McIntire" and bears the signature of Timothy McIntire. *See* Exhibits 3, 8, 16, 24, 3, 35, and 40. There is no evidence that Timothy McIntire is a licensed attorney authorized to practice law in the State of New Mexico.

Because the specific circumstances concerning each client who testified were slightly different, the Court will also make separate findings specific to each debtor.

Mary Norfolk

Mary Norfolk testified that she went to The Bankruptcy Store and met with Pamela Brown. At the time Ms. Norfolk filed for bankruptcy, she owned a home that was the subject of a short sale. Ms. Norfolk testified that Ms. Brown advised her to omit her home from Schedule A. The original Schedule A filed in Ms. Norfolk's bankruptcy case did not reflect any property. At the meeting of creditors, the Chapter 7 trustee determined that Ms. Norfolk did, in fact, still own her home as of the petition date and directed her to file an Amended Schedule A. When Ms. Norfolk failed to timely file an Amended Schedule A, the Chapter 7 Trustee filed a motion to dismiss. Ms. Norfolk eventually obtained an amended Schedule A from Timothy McIntire at

The Bankruptcy Store who charged her an additional $50.00 to complete the Amended Schedule A.

Jolene Dickey

Ms. Dickey sought bankruptcy relief because she was concerned about outstanding state and federal income taxes. Ms. Dickey testified that she met with Timothy McIntire at The Bankruptcy Store, and that he assured her that her past due taxes would be discharged through the bankruptcy. Mr. McIntire chose to list Ms. Dickey's tax liabilities on Schedule F, Non-Priority Unsecured Claims.

Leon Mares

Leon Mares did not testify because he was recovering from surgery at the time of the trial. His non-filing spouse, Kimberly Mares, who attended all of the meetings at The Bankruptcy Store, testified at trial. Ms. Mares testified that she and Mr. Mares went to The Bankruptcy Store three times: the first meeting was with Pamela Brown, and the second and third meetings were with Timothy McIntire.

Ms. Mares testified that Mr. McIntire advised her to reaffirm a debt secured by a Harley-Davidson motorcycle because her name was also on the loan, advised her and her husband to file Chapter 7 rather than Chapter 13, assured them that their 2005 tax debt would be discharged, told them that the services they would receive would be the equivalent to those they could expect to receive from an attorney but at a greatly reduced cost, selected the state exemption scheme, and advised Ms. Mares to omit her income from Schedule I because she was a nonfiling spouse. Ms. Mares testified further that when she insisted that her income be reported on Schedule I, Mr. McIntire told her that it really made no difference what amounts were reported on Schedule I for her income because it was unnecessary to include income of a nonfiling spouse. Ms. Mares

testified that although her gross income reported on Schedule I was essentially correct, the handwritten figures Mr. McIntire used on the schedule for her payroll deductions were not accurate.

Hannelore Harlan

Ms. Harlan testified that when she went to The Bankruptcy Store for assistance in completing her petition, statements and schedules, she met with Pamela Brown the first two times, and met with Mr. McIntire one time. Ms. Harlan testified that she does not know what an exemption is nor is she aware of the difference between state and federal exemptions.

Kathleen Booky

Ms. Booky testified that she had four meetings with The Bankruptcy Store. She testified that Mr. McIntire told her that her tax debts would be "dismissed" through the bankruptcy, and that she should file a petition under Chapter 7 of the Bankruptcy Code. Mr. McIntire determined where to list the tax claims in Ms. Booky's bankruptcy schedules.

Theodore Chacon

Mr. Chacon testified that he met with both Pamela Brown and Timothy McIntire, and that Mr. McIntire advised him to file for relief under Chapter 7 rather than under Chapter 13. Mr. Chacon also testified that after Mr. McIntire prepared the petition, statements and schedules based on the material Mr. Chacon provided in the completed questionnaire and documents that Mr. McIntire provided to him the first meeting, Mr. Chacon asked for certain corrections to the bankruptcy documents. The Bankruptcy Store made those corrections before Mr. Chacon filed the petition, statement of financial affairs, and schedules with the Bankruptcy Court. Mr. Chacon testified that Mr. McIntire told him that The Bankruptcy Store was providing "paralegal" services.

Felicia Sanchez

The deposition testimony of Felicia Sanchez reflects that she met with Timothy McIntire, that she asked Mr. McIntire to explain the difference between Chapter 7 and Chapter 13, that based on his explanation she decided Chapter 7 would be better, and that Mr. McIntire told her to check the box to reaffirm the debt on her Harley-Davidson motorcycle so that she could keep it. At the meeting of creditors, when asked about Schedule C and the state exemption statute, Ms. Sanchez did not have any idea what those numbers meant.

DISCUSSION

Defendant engaged in conduct that violates 11 U.S.C. § 110

The Bankruptcy Code defines bankruptcy petition preparers as follows:

a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares a document for filing[.]

11 U.S.C. § 110(a)(1).

"Document for filing" is further defined as

a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title.

11 U.S.C. § 110(a)(2).

Based on the evidence before the Court it is clear that Timothy McIntire doing business as The Bankruptcy Store, LLC (regardless of whether The Bankruptcy Store is, in fact, a limited liability company or some other separate business entity)[4] is a bankruptcy petition preparer as

---

[4] *Cf. In re Hennerman,* 351 B.R. 143, 148-149 (Bankr.D.Colo. 2006) (finding that the principal of an internet-based business using the name American Bankruptcy was a bankruptcy petition preparer as defined under the bankruptcy code regardless of whether American Bankruptcy was a validly existing artificial entity). Here, each petition for relief lists "The Bankruptcy Store LLC Tim McIntire" as the petition preparer, and is signed by Timotny McIntire. Similarly, the Disclosure of Compensation filed in the Debtors' cases identifies Timothy McIntire on line 6 (which states that "no other person has prepared for compensation a document for filing in connection with this bankruptcy except as listed below"), is signed by Timothy McIntire, and lists The Bankruptcy Store LLC as the printed name and title, if any, of Bankruptcy Petition Preparer, with an address of Tim McIntire 8400 Menaul #1-118,

-7-

that term is defined under the Bankruptcy Code. Mr. McIntire designated himself as the individual responsible for the bankruptcy petition preparer's preparation of the petitions, schedules, and statements of financial affairs filed by the debtors in each of the chapter 7 cases. He designated himself as well as The Bankruptcy Store LLC as the bankruptcy petition preparer on each of the petitions for relief filed to commence the chapter 7 cases, and included his social security number on each petition. Further, Mr. McIntire was not acting under the direct supervision of a licensed attorney. The evidence before the Court further establishes that Pamela Brown also worked in the offices of The Bankruptcy Store for some period of time and met with some of the debtor clients at some of the scheduled meetings. To the extent Ms. Brown made representations to the clients which were adopted as part of the bankruptcy petition, statements and schedules prepared by The Bankruptcy Store, such representations are likewise attributable to Mr. McIntire. His name is reflected as the bankruptcy petition preparer on the petitions filed for the clients that testified in this adversary proceeding, and he signed each petition on behalf of "The Bankruptcy Store LLC Tim McIntire" as Timothy McIntire.

Among the conduct proscribed by 11 U.S.C. § 110 is offering legal advice by a bankruptcy petition preparer to potential bankruptcy debtors. 11 U.S.C. § 110(e)(2)(A). "Legal advice" within the meaning of 11 U.S.C. § 110(e)(2) includes advising the debtor:

>  (i) whether –
>     (I) to file a petition under this title; or
>     (II) commencing a case under chapter 7, 11, 12, or 13 is appropriate;
>  (ii) whether the debtor's debts will be discharged in a case under this title;

---

Albuquerque, New Mexico 87112. When a bankruptcy petition preparer is not an individual, an officer, principal, responsible person, or partner of a bankruptcy petition preparer must sign the petition and provide the name and address of the signing officer, principal, responsible person, or partner. 11 U.S.C. § 110(b)(1). Nevertheless, a principal of a business entity that is a bankruptcy petition preparer can be held jointly and severally liable for fines imposed under 11 U.S.C. § 110. *See, e.g., Felicia S. Turner v. Burnworth (In re Carrier),* 363 B.R. 247, 259 (Bankr.M.D.Fla. 2006)(imposing fines jointly and severally against Stacey Burnworth, individually, and against her business entity, Paraeagle Paperworks, Inc. for violating 11 U.S.C. §110).

-8-

> (iii) whether the debtor will be able to retain the debtor's home, car, or other property after commencing a case under this title;
> (iv) concerning—
>> (I) the tax consequences of a case brought under this title; or
>> (II) the dischargeability of tax claims;
> (v) whether the debtor may or should promise to repay debts to a creditor or enter into a reaffirmation agreement with a creditor to reaffirm a debt;
> (vi) concerning how to characterize the nature of the debtor's interests in property or the debtors debts; or
> (vii) concerning bankruptcy procedures and rights.
>
> 11 U.S.C. § 110(e)(2).

This list of examples is not exhaustive, but merely illustrative of the types of conduct that, if offered by a bankruptcy petition preparer, constitutes impermissible legal advice.[5] Further, "[t]he prohibition on giving advice, 'concerning bankruptcy procedures and rights' is extraordinarily broad[ ]" and covers "[v]irtually any exercise of discretion about what to include or not include in the bankruptcy documents." *Hennerman,* 351 B.R. at 151-152 (quoting 11 U.S.C. §110(e)(2)(B)(vii)). Advising clients which exemption scheme to elect, or making the decision on behalf of the debtor to elect federal or state exemption statutes, constitutes impermissible legal advice under 11 U.S.C. § 110(e)(2).[6]

The evidence presented demonstrates that Mr. McIntire violated 11 U.S.C. § 110(e)(2) numerous times. It appears that the Defendant used a pre-packaged bankruptcy program that

---

[5] *See* 11 U.S.C. § 102(3), which provides that the term "includes," when used in the Bankruptcy Code, is not limiting. *See also, In re Bernales,* 345 B.R. 206, 215 (Bankr.C.D.Cal. 2006)(noting that the list in §110(e)(2)(B) "is neither exclusive nor exhaustive. Rather it is a set of examples explaining what constitutes legal advice.").

[6] *See United States Trustee v. Pamela Brown (In re Martin),* 424 B.R. 496, 508 (Bankr.D.N.M. 2010)(finding that the bankruptcy petition preparer violated 11 U.S.C. § 110(e)(2) by "1) instructing debtors about the need for credit counseling, 2) deciding under which chapter to file, 3) deciding whether debtors should include certain properties or debts on the schedules, 4) choosing exemption schemes on behalf of the debtors and then applying them to the debtors' properties, 5) determining how to characterize secured, unsecured and priority debts, 6) determining whether the presumption of abuse arises, and 7) in general providing advice regarding bankruptcy procedures and rights."). *See also, In re Kaitangian,* 218 B.R. 102, 110 (Bankr.S.D.Cal. 1998)(stating that "advising of available exemptions from which to choose, or actually choosing an exemption for the debtor with no explanation, requires the exercise of legal judgment beyond the capacity and knowledge of lay persons.")(citations omitted).

completed Schedule C by selecting state law exemptions as the default, and automatically applied those exemptions to the debtor's assets based on raw data input into the program that each debtor had supplied by completing a questionnaire. Even if Defendant used a pre-packaged bankruptcy program in that manner, such use constitutes the exercise of legal judgment and the rendition of legal advice.[7] A legal judgment is inherent in electing to use the software's state law default exemption choice because it necessarily means that a decision was made not to change the default setting or the manner in which the computer program applied the state law exemption scheme to a particular debtor's assets.

Here, each debtor signed the Schedules, which included Schedule C, without any understanding of what exemptions were claimed and without any conscious decision on their part to claim those exemptions. They relied on Defendant's choices of what exemptions should be claimed.

Mr. McIntire also advised three of the debtors who testified at trial that their taxes would be discharged through the bankruptcy, advised at least two of the debtors who testified at trial that they should choose to commence a case under Chapter 7 rather than under Chapter 13, and advised Ms. Mares, a nonfiling spouse, to enter into a reaffirmation agreement because she was a

---

[7]*See Patton v Sholl*, 1999 WL 431095, *9 (E.D.Pa. June 28, 1999)(unreported)("The choice of appropriate exemptions based on raw data provided by debtors is an exercise in legal judgment, . . . . [r]egardless of what means [the bankruptcy petition preparer] employed to select exemptions for each debtor, whether consultation with a computer program, a textbook, or other prepared materials . . . ."). *See also Kaitangian*, 218 B.R. at 110 ("choosing an exemption for the debtor . . . requires the exercise of legal judgment beyond the capacity and knowledge of lay persons" even if done using a pre-packaged bankruptcy program)(citations omitted). *Accord McDow v. Skinner (In re Jay)*, __ B.R. __, 2010 WL 3259381, *17 (Bankr E.D. Va. 2010); *In re Farness*, 244 B.R. 464, 472 (Bankr D. Idaho 2000)(same); *In re Reynoso*, 315 B.R. 544, 552 (9th Cir. BAP 2004), *aff'd,* 477 F.3d 1117 (9th Cir. 2007) (stating that "[s]olicitation of information which is then translated into completed bankruptcy forms is the unauthorized practice of law, whether by website or otherwise, as is advising a debtor of the availability of particular exemptions or choosing those exemptions.")(citations omitted). *But see In re Boyce*, 317 B.R. 165, 176 (Bankr. D. Utah. 2004)(concluding that under Utah law, the bankruptcy petition preparer did not engage in the practice of law by using computer software to create the debtor's bankruptcy schedules and statements, reasoning that there is "little distinction between a bankruptcy petition preparer utilizing specialized bankruptcy software for the preparation of the debtor's schedules and statements, and a retail software package that performs the same function for the debtor on the debtor's home computer.").

cosigner with her husband on the loan secured by a motorcycle. Each of these incidents constitutes the offering of legal advice in violation of 11 U.S.C. §110(e)(2).

The Trustee asserted that Mr. McIntire engaged in the unauthorized practice of law in other respects, including his checking the box on each bankruptcy petition stating that the Debtor's debts are primarily consumer debts and checking the box on page 1 of each filed Official Form 22A that "The presumption does not arise." The evidence before the Court is insufficient to determine whether these incidents constituted the dispensing of legal advice in violation of 11 U.S.C. §110(e)(2). Plaintiff did not proffer in evidence any of the questionnaires supplied by Defendant and completed by any of the debtors, nor a sample uncompleted form. The Court cannot, therefore, determine whether Defendant was merely acting as a scrivener by following the direction of the debtors on the completed questionnaires, or whether he decided for the debtors which of the boxes to check or otherwise gave them any advice in that regard.

<u>Imposition of fines and disgorgement of fees is appropriate</u>

Persons who fail to comply with the requirements of 11 U.S.C. § 110 are subject to the imposition of fines and penalties.[8] Pursuant to 11 U.S.C. § 110(l)(1), the Court may impose a fine of up to $500.00 for each violation.[9] The Court has discretion under this section to determine the amount of the fine per violation. *Rojero,* 399 B.R. at 921. As discussed above, Defendant violated 11 U.S.C. §110(e)(2) a minimum of thirteen times[10] by giving legal advice to

---

[8] *See,e.g.,* 11 U.S.C. § 110(i) and (l). *See also In re Rojero,* 399 B.R. 913, 918 (Bankr.D.N.M. 2008)(noting that "[u]nder 11 U.S.C. § 110, persons who negligently or fraudulently prepare bankruptcy petitions on behalf of debtors or fail to comply with the requirements under that section are subject to the imposition of penalties.").

[9] Section 110(l)(1) provides:
    A bankruptcy petition preparer who fails to comply with any provision of subsection (b), (c), (d), (e), (f),
    (g), or (h) may be fined not more than $500 for each such failure.
    11 U.S.C. § 110(l)(1).
In this case, as discussed above, Defendant violated subsection (e) by providing his clients with legal advice.

[10] Selecting state law exemptions and applying the state exemption statute to the debtor's property:    7 times
 Advising a debtor that his or her taxes would be discharged in the bankruptcy:   2 times
 Advising a debtor whether to file under Chapter 7 or Chapter 13: 2 times

-11-

the debtors. Taking into account that this is the first case brought before this Court involving a violation by Mr. McIntire of 11 U.S.C. § 110, and the nature of the violations, the Court finds that a fine of $150.00 for each violation is appropriate, and that a total fine of $1,950.00 based on these violations should be assessed against Defendant.[11]

Fines assessed pursuant to 11 U.S.C. § 110(l)(1) must be tripled if the Court finds that the bankruptcy petition preparer "advised the debtor to exclude assets or income that should have been included on applicable schedules." 11 U.S.C. § 110(l)(2) (providing that "[t]he court *shall* triple . . . ")(emphasis added). Defendant violated this section by advising Ms. Mares that her income did not need to be reported on Schedule I. She did not heed his advice, but he nevertheless gave it. In addition, Pamela Brown, on behalf of Defendant, advised Ms. Norfolk that she did not need to list her residence on Schedule A. The Court will triple the fines attributable to these two violations. The total fine assessed against the Defendant under 11 U.S.C. § 110(l)(1) and (2) is $2,550.00.[12]

In addition, when a bankruptcy petition preparer violates 11 U.S.C. § 110 "**or** commits any act that the court finds to be fraudulent, unfair, or deceptive" the Court shall award damages to the debtor upon motion by the United States trustee. 11 U.S.C. § 110(i)(1)(emphasis added). Such damages are:

> (A) the debtor's actual damages;
> (B) the greater of –
>     (i)     $2,000; or
>     (ii)    twice the amount paid by the debtor to the preparer's services; and
> (C) reasonable attorneys' fees and costs in moving for damages under this section.
>
> 11 U.S.C. § 110(i)(1).

---

  Advising a debtor to enter into a reaffirmation agreement:   2 times

[11] *Cf. Bernales,* 345 B.R. at 227 (imposing a total fine of $2000 as a sufficient amount in light of the bankruptcy petition preparer's "extensive failures" without fixing a fine and multiplying it by the number of violations).

[12] (thirteen violations X $150.00 = $1,950.00) +  (two violations of $100.00 X 3 =  $600.00) = $2,550.00.

The sanction imposed under this section is mandatory.[13] Dispensing legal advice contrary to the constraints of 11 U.S.C. § 110(e)(2) is tantamount to the unauthorized practice of law and can constitute fraudulent, unfair, or deceptive practices within the meaning of 11 U.S.C. §110(i)(1).[14] The Court finds that by giving legal advice that Defendant is neither qualified nor licensed under the State of New Mexico to provide, Defendant has engaged in conduct that is "fraudulent, unfair, or deceptive" within the meaning of 11 U.S.C. § 110(i)(1). Thus, under 11 U.S.C. § 110(i)(1), it is appropriate to order Defendant to pay each debtor $2,000.00.[15]

<u>Defendant should be enjoined from engaging in further conduct that violates 11 U.S.C. § 110</u>

Pursuant to 11 U.S.C. § 110(j)(2)(A), the Court may enjoin a bankruptcy petition preparer from engaging in conduct that violates 11 U.S.C. § 110 upon a finding that the bankruptcy petition preparer has 1) "engaged in conduct in violation of this section," 2) misrepresented his experience or education as a bankruptcy petition preparer; **or** 3) "engaged in any other fraudulent, unfair, or deceptive conduct;" **and,** that an injunction is appropriate in order to prevent the bankruptcy petition preparer from further violating 11 U.S.C. § 110(e)(2).

---

[13] *See Rojero,* 399 B.R. at 921 (stating that "[u]pon a finding of a fraudulent, unfair, or deceptive act, the sanction imposed under 11 U.S.C. §110(i)(1) is mandatory."); *In re Jarvis,* 351 B.R. 894, 898 (Bankr.E.D.Tenn. 2006)(stating that "[t]his section requires the imposition of sanctions by the court for a violation of §110 if the violation is brought to the court's attention by the United States Trustee" and noting further that "[t]he language of this section is mandatory.").

[14] *See Rojero,* 399 B.R. at 920 (concluding that, by giving legal advice to the debtor in violation of §110(e)(2)(B), the bankruptcy petition preparer committed a fraudulent, deceptive, or unfair act that subjected the bankruptcy petition preparer to a sanction of $2,000 under 11 U.S.C. § 110(i)(1)(B)(i)); *Bernales,* 345 B.R. at 215 (noting that "[b]y prohibiting the offering of 'legal advice,' 11 U.S.C. §110(e)(2) must be understood as a general prohibition against the practice of law by bankruptcy petition preparers, except where otherwise permitted by applicable law."). *See also, Reynoso,* 315 B.R. at 553 (engaging in the unauthorized practice of law constitutes "fraudulent, unfair, and deceptive conduct."); *In re Moffet,* 263 B.R. 805, 815 (Bankr.W.D.Ky. 2001)(concluding that "[b]ecause [the bankruptcy petition preparer] . . . engaged in the unauthorized practice of law . . . she has also committed fraudulent, unfair, or deceptive acts in violation of 11 U.S.C. § 110(i)(1)."); *Moore v. Jencks (In re Moore),* 232 B.R. 1, 8 (Bankr.D.Me. 1999)(holding "that a bankruptcy petition preparer's unlawful dispensation of legal advice constitutes a 'fraudulent, unfair, or deceptive act' within the meaning of §110(i)(1)."); *In re Gomez,* 259 B.R. 379, 386 (Bankr.D.Colo. 2001)(stating that "[f]or a petition preparer to offer legal expertise or to provide legal information, analysis or advice is patently unfair and deceptive to debtors."); *In re Gutierrez,* 248 B.R. 287, 294 (Bankr.W.D.Tex. 2000)(finding that the bankruptcy petition preparer "engaged in fraudulent and deceptive conduct when she both offered and provided legal services without a law license.").

[15] *See* 11 U.S.C. §110(i)(1), providing that on the motion of the United States trustee, and after notice and a hearing, "the court shall order the bankruptcy petition preparer to pay to **the debtor. . .**")(emphasis added).

11 U.S.C. § 110(j)(2)(A)(i). Given the numerous, consistent violations of 11 U.S.C. § 110(e)(2), including Mr. McIntire's advice to debtors to commence a case under chapter 7 instead of chapter 13, his selection and application of the exemption scheme, his advice to reaffirm a debt and that certain tax debts are dischargeable, and his statement to his clients that his services would be the equivalent to those of an attorney but at a greatly reduced cost, the Court finds that it is appropriate to issue an injunction enjoining Timothy McIntire, or any person or entity acting in concert with him, from offering a potential bankruptcy debtor any legal advice in violation of 11 U.S.C. § 110(e)(2).

<u>Whether to enjoin Defendant from acting as a bankruptcy petition preparer.</u>

Pursuant to 11 U.S.C. § 110(j)(2)(B), the Court can also enjoin a bankruptcy petition preparer from acting as a bankruptcy petition preparer. That section provides:

> If the court finds that a bankruptcy petition preparer has continually engaged in conduct described in subclause (I), (II), or (III)[16] of clause (i) **and that an injunction prohibiting such conduct would not be sufficient** to prevent such person's interference with the proper administration of this title, has not paid a penalty imposed under this section, or failed to disgorge all fees order by the court the court may enjoin the person from acting as a bankruptcy petition preparer.

11 U.S.C. § 110(j)(2)(B) (emphasis added).

Plaintiff asserts that the evidence presented in connection with these seven cases is sufficient for the Court to enjoin Defendant from acting as a bankruptcy petition preparer. Plaintiff maintains that the evidence establishes that the Defendant acted in concert with Pamela Brown in violation of an injunction entered pursuant to 11 U.S.C. §110 in a consolidated adversary proceeding in which she was the Defendant. Based on the evidence now before the Court in connection with this adversary proceeding, this Court disagrees.

---

[16] Subsection (I) covers conduct violative of 11 U.S.C. § 110; Subsection (II) concerns a bankruptcy petition preparer's misrepresentation of his experience or education as a bankruptcy petition preparer; and Subsection (III) addresses fraudulent, unfair or deceptive conduct on the part of a bankruptcy petition preparer. 11 U.S.C. § 110(j)(2)(A)(i)(I), (II) and (III).

Last year, a Bankruptcy Court injunction was issued against Pamela Brown pursuant to 11 U.S.C. § 110. *See* Exhibit 45 ("Injunction"). The evidence offered at trial in this adversary proceeding demonstrated that Pamela Brown also worked with Defendant, and met with several of the clients. However, the evidence now before the Court is insufficient to demonstrate that Pamela Brown continued to meet with clients at The Bankruptcy Store *after* the issuance of the Injunction. The petition dates for Ms. Norfolk, Ms. Harlan, Ms. Booky Ms. Chacon, and Ms. Sanchez all pre-date the date of the Injunction. Ms. Dickey's petition was filed after the date of issuance of the Injunction, but her testimony reflected that she met only with Timothy McIntire and not Pamela Brown. Mr. Mares' petition was filed one month after the Injunction was issued, but Ms. Mares testified that only the first meeting was with Pamela Brown, so it is possible that this meeting occurred before the date of the Injunction. Although the testimony reveals that Mr. McIntire and Ms. Brown worked together, there is no evidence that Mr. McIntire knew of the Injunction, but nevertheless continued to assist clients in preparing bankruptcy petitions in flagrant disregard for the existing Injunction against Pamela Brown.

Under these circumstances, the Court declines to issue an injunction that enjoins Defendant from acting as a bankruptcy petition preparer at this juncture. Should Defendant fail to comply with the Court's ruling by continuing to offer legal advice to potential bankruptcy debtors contrary to 11 U.S.C. § 110(e)(2), or by failing to pay the fines and penalties imposed by this Court, the Court may consider whether to impose a permanent injunction against Defendant that prohibits Defendant from acting as a bankruptcy petition preparer in accordance with 11 U.S.C. § 110(j)(2)(B).

This opinion constitutes the Court's findings of fact and conclusions of law issued in accordance with Rule 7052, Fed.R.Bankr.P. An order consistent with this Memorandum Opinion will be entered.

                                             /s/ Robert H. Jacobvitz
                                             ROBERT H. JACOBVITZ
                                             United States Bankruptcy Judge

Date entered on docket: February 28, 2011

COPY TO:

**Leonard Martinez-Metzgar**
Office of the United States Trustee
PO Box 608
Albuquerque, NM 87103

**Timothy McIntire**
8400 Menaul Blvd
Albuquerque, NM 87112

-16-